UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| MATTHEW LEE GRIFFIN, | |
| Plaintiff, | Civil Action No. 5:12-00037-JBC |
| v. | |
| JOHN DOES, *et al.*, | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | |

\*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*

Matthew Lee Griffin, confined in the Kentucky State Penitentiary ("KSP") in LaGrange, Kentucky,[1] filed this 42 U.S.C. § 1983 civil rights action asserting constitutional claims which arose when he was previously confined in the Otter Creek Correctional Complex ("the OCCC"), located in Wheelwright, Kentucky.[2]

Because Griffin has been granted *in forma pauperis* status, and because he asserts claims against government officials, the court now screens his Complaint pursuant to 28 U.S.C. §§ 1915, 1915A, which require the dismissal of any claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from defendants who are immune from such relief. *Id.*; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997). As explained below, some of Griffin's claims will be

---

[1] When Griffin filed this action on February 9, 2012, he was confined in the Marion Adjustment Center ("MAC") located in St. Mary, Kentucky. According to the Kentucky Online Offender Lookup ("KOOL") website, Griffin is now confined in the KSP. *See* http://apps.corrections.ky.gov/KOOL/ioffres.asp. Griffin did not notify the court of the change of address as he was instructed to do in the February 10, 2012, Deficiency Order, [R. 2, p. 2, ¶ 5].

[2] Wheelwright, Kentucky is located in Floyd County, Kentucky, which is located within this judicial district.

dismissed for failure to state a claim upon which relief can be granted, and his other claims will be dismissed without prejudice for obvious lack of administrative exhaustion.

## ALLEGATIONS OF THE COMPLAINT

Griffin has named numerous OCCC officials as defendants[3] and challenges numerous conditions of his prior confinement in the OCCC, under both the Eighth Amendment, which prohibits cruel and unusual punishment, and the Fourteenth Amendment, which requires state officials to afford due process of law.

Griffin alleges that the defendants failed and/or refused to stop other OCCC inmates from physically assaulting him on April 22, 2011; failed to promptly investigate the circumstances of that assault; refused to provide him with dental care following the assault; failed to investigate the loss of his personal property; failed to provide him with an inventory of lost or confiscated personal property; failed to return his legal documents and art materials to him; refused to provide him with the address of an attorney; failed to ensure that he received his incoming legal mail; refused to reinstate him to his KDOC prison job; refused to reinstate his lost good-time credits and lost wages; and subjected him to mental distress by placing him in either protective custody or segregation without cause.

Griffin also states that MAC officials "harass and try to extort" him "because of the

---

[3] The named defendants are: (1) unknown "John Doe" Defendants/ Correctional Officers of the OCCC;(2) Matthew Critton, OCCC Correctional Counselor; (3) "Mr." Caudell, OCCC Lieutenant; (4) "Mr." Lewis, OCCC Captain; (5) "Mr." Little, OCCC Captain; (6) Amy Tacket, OCCC Unit Manager; (7) Greg Compton, OCCC Deputy Warden; (8) Raymond Rice, OCCC Deputy Warden; (9) "Ms." Kluty, OCCC Deputy Warden; (10) "Mr." Perry, OCCC Warden; (11), LaDonna Thompson, Commissioner of the Kentucky Department of Corrections ("KDOC"); and (12) the Corrections Corporation of America ("CCA"), a private company which contracts with the KDOC to manage and operate some of it correctional facilities, including the OCCC. *See* http://www.cca.com; http://www.cca.com/facility/otter-creek-correctional-center/. Griffin asserts claims against the individually named defendants in both their individual and official capacities.

2

lack of action taken by the defendants," [R. 1, p. 5], but he named no MAC officials as defendants to this action.  Griffin demands $91 million in compensatory damages; unspecified punitive damages; release from KDOC custody; and a trial by jury.

## DISCUSSION
### 1. Official-Capacity Claims and Claims Against the KDOC

Griffin's official capacity constitutional claims against the OCCC defendants and LaDonna Thompson will be dismissed for failure to state a claim upon which relief can be granted because the Eleventh Amendment to the U.S. Constitution specifically prohibits federal courts from entertaining suits for money damages brought directly against the state, its agencies, and state officials sued in their official capacities.  *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 687-88 (1993); *see also, Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985).  As the KDOC is a department within the Justice and Public Safety Cabinet of the Commonwealth of Kentucky, an agency of the Commonwealth of Kentucky, *see* Exec. Order No. 2004-730 (July 9, 2004); Ky. Rev. Stat. § 12.250, Griffin's claims against the KDOC will also be dismissed for failure to state a claim upon which relief can be granted.

Further, state officials sued in their official capacities for monetary damages are not considered persons for the purpose of a § 1983 claim.  *Will*, 491 U.S. at 71; *see also*, *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).  For these reasons, Griffin's official capacity constitutional claims against the OCCC defendants, LaDonna Thompson,  and the KDOC, will be dismissed for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1).

3

2. <u>Individual-Capacity Claims and Claims Against the CCA</u>

Griffin's individual capacity constitutional claims against the OCCC defendants, LaDonna Thompson, and the CCA, will be dismissed for lack of administrative exhaustion. The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), states that:

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The PLRA requires "proper exhaustion," which means that an inmate must comply with all of the prison's "deadlines and other critical procedural rules" to satisfy the exhaustion requirement. *Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006). "The PLRA's exhaustion requirement is a strict one. This is not to be harsh on prisoners, but to further the important goals behind the law: to allow prison officials 'a fair opportunity' to address grievances on the merits, to correct prison errors that can and should be corrected, and to create an administrative record for those disputes that eventually end up in court." *Napier v. Laurel County*, 636 F.3d 218, 220 (6th Cir. 2011) (quoting *Reed–Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010)).

"[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 216 (2007). The KDOC has promulgated a set of administrative regulations at 501 K.A.R. 6:020. These regulations, known as "Corrections Policies and Procedures" ("CPP"), govern various procedures within KDOC prisons. CPP Number 14.6, entitled "Inmate Grievance Process," sets forth the steps which KDOC inmates must pursue in order to properly file a grievance.

4

Under CPP 14.6, a KDOC inmate must file a written grievance seeking an Informal Resolution with the Grievance Coordinator within five working days of the alleged incident. CPP 14.6, § II (J)(1)(a)(4), ("Step 1").[4] If dissatisfied, the inmate must submit a written request to the Grievance Committee seeking a hearing to consider his grievance. *Id.*, § II (J)(2)], ("Step 2"). If not satisfied with the Grievance Committee's disposition, he must appeal to the Warden, *Id.*, § II (J)(3)], ("Step 3"). Finally, if dissatisfied with the Warden's decision, he must file an appeal to the Commissioner of the KDOC. *Id.*, § II (J)(4)], ("Step 4"). Time frames for appeals and responses are established within the regulation.

Between April 29, 2011, and May 22, 2011, Griffin submitted ten (10) separate "Inmate Grievance Forms" to the OCCC Grievance Aide in which he raised his various concerns [R.1-2, pp. 4-26], but he admitted in his Complaint that all of these grievances had been denied "because it was past five (5) days from the incident." [R. 1, p. 5]. Griffin does not allege, and the grievances he attached to his Complaint do not indicate, that he appealed any of the denials to the OCCC's Grievance Committee, Warden, or the KDOC.

Thus, it is clear from Griffin's admission in his Complaint that by failing to submit his grievances within the KDOC's five-day time-frame, he did not properly comply with CPP 14.6 as to any of the claims he asserted in his Complaint. Dismissal of a complaint at the initial screening stage is still warranted, even after *Jones v. Bock*,[5] where failure to exhaust

---

[4] The informal resolution process may involve the prison's Grievance Aide, the Grievance Coordinator, the department head, or the institutional staff. *Id.*, § II (J)(b)(2).

[5] In *Jones*, the Supreme Court held that "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." 549 U.S. at 216 (overruling Sixth Circuit precedent to the contrary).

5

is apparent from the face of the complaint.  See *Clifford v. Louisiana*, No. 07-955-C, 2008 WL 2754737, at *3 (M.D. La. July 7, 2008); *Whitaker v. Gannon*, No. 1:07-CV-521, 2007 WL 2744329, at *2 (S.D. Ohio Sept.19, 2007); *Deruyscher v. Michigan Dept. of Corrections Health Care*, No. 06-15260-BC, 2007 WL 1452929, at *3 (E.D. Mich.  May 17, 2007).

In cases where it was clear from the face of the complaint that a prisoner has failed to exhaust his administrative remedies, this court has also dismissed prisoner complaints at the initial screening stage.  See *Smith v. Lief*, No. 5:10-00008-JMH, 2010 WL 411134 at *4 (E.D. Ky. January 27, 2010); *Walker v. Baker*, No. 6:09-CV-374-GFVT, 2010 WL 290504, at *3 (E.D. Ky. January 21, 2010).  For this reason, Griffin's individual capacity claims will be dismissed without prejudice for obvious lack of administrative exhaustion.

### 3.  Claims Against MAC Officials

To the extent that Griffin may intend to assert claims against MAC officials, venue for those claims does not lie in this court.  The MAC is located in St. Mary, Kentucky, which is located in Marion County, Kentucky, which lies in the judicial district of the United States District Court for the Western District of Kentucky ("the Western District"), Louisville Division.  If Griffin wishes to proceed with any claims challenging the conditions of his confinement in the MAC, he must do so in the proper venue, which would be the Western District, not this district.  28 U.S.C. § 1391(b).

### CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) Plaintiff Matthew Lee Griffin's official capacity constitutional claims against all individually named defendants and the KDOC are **DISMISSED WITH PREJUDICE** for

6

failure to state a claim upon which relief can be granted;

 (2) Griffin's individual capacity constitutional claims against all individually named defendants and the CCA are **DISMISSED WITHOUT PREJUDICE** for admitted failure to exhaust;

 (3) Griffin must assert any claims challenging the conditions of his confinement in the MAC in the United States District Court for the Western District of Kentucky; and

 (4) The Clerk of the court shall mail a copy of this Memorandum Opinion and Order, and attached Judgment, to Griffin at the following address:

> Matthew Lee Griffin
> KDOC Inmate Number 212166
> Kentucky State Penitentiary
> 266 Water Street
> Eddyville, Kentucky, 42038;

and

 (5) The court will enter an appropriate Judgment.

Signed on April 27, 2012

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY